IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:97-CR-00063-M

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| TAMARA LLAMAS, and ) | |
| JIMMY RAY WAKEFIELD, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court sua sponte. Pursuant to Rule 36 of the Federal Rules of Criminal Procedure, the court corrects clerical errors in the Judgments entered against Defendants Tamara Llamas [DE 177] and Jimmy Ray Wakefield [DE 179] by the Honorable Malcolm J. Howard, who presided over the sentencing hearings for both Defendants. Judge Howard's oral judgment stated the following:

> It is ordered that twenty-five percent (25%) of all future earnings or income or rewards presently or hereinafter received; and from whatever source, and from wheresoever collected, during the lifetime of this Defendant be provided to the three children of the victim - share and share alike. Their names shall appear in the judgement with their present address subject to being updated. Now, the Court finds that the Defendant does not have the ability to pay a fine in addition to these priority restitution orders, therefore no fine is imposed. Payment of the restitution as stated by the Court is due in full immediately, and the Court specifically finds that the order of 25% of all future earnings, rewards, or income is a restitution amount, and will be so noted in the judgement.

Sentencing Hrg. Tr., 51: 6-21, DE 273.[1] This was transcribed to the written Judgments, under the penalty section of the Judgments, as:

> *THE COURT FURTHER ORDERS THAT 25% OF ALL FUTURE MONETARY RECEIPTS OF THE DEFENDANT FROM WHATEVER SOURCE THAT BEING REWARDS, INCOME, EARNINGS BE DISTRIBUTED AMONG THE CHILDREN OF THE VICTIM/DECEDENT SHARE AND SHARE ALIKE. THESE FUNDS SHALL BE FORWARDED TO AMELIA K. EDWARDS AT 1211 LIVE OAK COURT, SURF SIDE BEACH, S.C. 29575. THIS RESTITUTION SHALL BE DIVIDED EQUALLY AMONG AMELIA K. EDWARDS, 1211 LIVE OAK COURT, SURF SIDE BEACH, SOUTH CAROLINA 19675, DANIEL BRYAN EDWARDS, 4219 RICHLANDS HWY, JACKSONVILLE, NORTH CAROLINA 28540 AND BRANDON JACOB EDWRDS, 4219 RICHLANDS HWY, JACKSONVILLE, NORTH CAROLINA 28540.

Llamas J., DE 177 at 4; *see also* Wakefield J., DE 179 at 3 ("*THE COURT FURTHER ORDERS THAT 25% of all future monetary receipts of the defendant from whatever source that being rewards. income, earnings be distribute[d] among the children of the victim/decedent share and share alike [...] these funds shall be [...]."). These transcribed statements should have appeared in the restitution sections of the Judgments. *See* DE 177 at 7; DE 179 at 6. This order clarifies that the restitution judgments entered by Judge Howard were, and remain, orders of restitution that shall be enforced according to their terms.

In addition to the parties, the Clerk of the Court shall provide copies of this order to any agency, facility, or individual necessary to ensure the facilitation of Judge Howard's order. Any agency or institution collecting this restitution shall, as with criminal debts collected through the Bureau of Prisons Inmate Financial Responsibility Program (IFRP), forward collected funds to the

---

[1] The transcript reflects Judge Howard's order issued during Tamara Llamas' sentencing hearing. The record does not include a copy of a written transcript of Jimmy Ray Wakefield's sentencing hearing; however, court records indicate that Judge Howard imposed the same restitution order against Mr. Wakefield.

court for further disbursement to the aforementioned victims. Any such payments sent via mail should be made payable to "Clerk, U.S. District Court" and sent to the following address:

Clerk, U.S. District Court
PO Box 25670
Raleigh, NC 27611

SO ORDERED this __2d__ day of December, 2021.

_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3