IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:97-cr-00063-M

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| TAMARA LLAMAS, and<br>JIMMY RAY WAKEFIELD, | ) |
| Defendants. | ) |

This matter comes before the court on a victim's letter, which the court construes as a pro se motion for reconsideration [DE 368]. The court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in the judgment" and "relieve a party . . . from a final judgment [or] order" under Rule 60 of the Federal Rules of Civil Procedure. A pro se document must be "liberally construed" and held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

By way of background, the above-named defendants are serving life sentences for murdering a witness in front of her two minor sons. Presentence Report, DE 283 at 12–14. This murder left three children as victims, who were granted a restitution lien against "twenty-five (25%) of all [of each defendant's] future earnings or income or rewards." Order Correcting Judgments, DE 331. One of those victims comes before the court with the instant request.

The victim requests the court to appoint counsel to vindicate her rights as a victim of her mother's homicide. DE 368. As the court previously stated, there is no constitutional right to counsel for civil claims. *Taylor v. Pulliam*, 679 F. App'x 264, 266 (4th Cir. 2017). Despite its

own independent research, the court cannot locate any statute or case law authorizing appointment of counsel in this context. Without constitutional, statutory, or decisional law authorizing appointment of counsel, this court is without power to grant the requested relief.

The court recognizes this conclusion does nothing to help the victim vindicate her rights as a victim under applicable law. By all accounts, those rights are numerous and substantial. Indeed, Congress has provided all victims of federal crimes certain enumerated rights by virtue of the Crimes Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771. The rights particularly relevant to the victim's letter include:

> (5) The reasonable right to confer with the attorney for the Government in the case.
> (6) The right to full and timely restitution as provided in law.
> (7) The right to proceedings free from unreasonable delay
> (8) The right to be treated with fairness and with respect for the victim's dignity and privacy.
> (10) The right to be informed of the rights under this section and the services described in section 503(c) of the Victims' Rights and Restitution Act of 1990 (42 U.S.C. 10607(c)) and provided contact information for the Office of the Victims' Rights Ombudsman of the Department of Justice.

18 U.S.C. § 3771(5)–(8), (10). According to the victim's letter, these rights have not been afforded, despite her continuous efforts throughout many years to contact a victim witness coordinator or the Justice Department and receive information on filing a claim. *See* DE 368. If true, her allegations plausibly support a claim to appropriate relief under the CVRA.

As explained above, although the victim now requests counsel, the court has no power to grant such relief. Yet, under the CVRA, the court "shall ensure that the crime victim is afforded the rights described in subsection (a)." 18 U.S.C. § 3771(b)(1). This includes the reasonable facilitation of communication with the Justice Department, the prosecutor responsible for this case,

2

and the victim witness coordinator for the United States Attorney's Office for the Eastern District of North Carolina. *See id.* § 3771(c). In this case, such relief appears warranted.

Accordingly, the motion for reconsideration [DE 368] is DENIED. In light of the victim's proffer and the governing standard, the clerk of court is DIRECTED to serve this order on the United States Attorney's Office for the Eastern District of North Carolina and its victim witness coordinator therein. The Government is DIRECTED to file a notice acknowledging receipt and distribution of this order. The court encourages the victim(s) in this case to seek further assistance through the Office of Victims' Rights Ombudsman, *see* https://www.justicc.gov/usao/office-victims-rights-ombuds, and the Office for Victims of Crime, *see* https://ovc.ojp.gov/.

Although the court construes the victim's letter as a motion for reconsideration and denies the request for counsel, the victim has a statutory right to appeal this order and petition the Fourth Circuit Court of Appeals for a writ of mandamus under 18 U.S.C. § 3771(d)(3).

SO ORDERED this 14th day of June, 2023.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE