IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:97-CR-00063-M-1
Case No. 7:97-CR-00063-M-2

UNITED STATES OF AMERICA,

     Plaintiff,

v.

                                  ORDER

TAMARA LLAMAS and JIMMY RAY
WAKEFIELD,

     Defendants.

This matter comes before the court on the United States' Motion for Relief Necessary to Effectuate Restitution Judgments and Order [DE 420]. For the following reasons, the motion is granted.

In 1998, Defendants Tamara Llamas and Jimmy Ray Wakefield were sentenced to life imprisonment for participating in a drug trafficking conspiracy and the pre-meditated murder of a government informant. *See* DE 177, 179. As part of their sentence, United States District Judge Malcom J. Howard imposed a restitution judgment, requiring Defendants to pay 25% of all future earnings for the remainder of their lives to the victim's three children. *Id.* at 4. On December 2, 2021, in response to a letter from one of the victim's children, the court clarified "that the restitution judgments entered by Judge Howard were, and remain, orders of restitution that shall be enforced according to their terms." DE 331 at 2.

In the pending motion, the United States advises that because the restitution judgments do not contain a specific dollar amount, the Bureau of Prisons believes it is not authorized to offset any of Defendants' incoming funds to pay the restitution award. DE 420 at 2. Additionally, the

United States advises that the Bureau of Prisons is unwilling to "to input a placeholder debt amount into its electronic system absent" a court order directing it to do so. *Id.* Accordingly, the United States moves pursuant to the All Writs Act, 28 U.S.C. § 1651, for a court order directing the Bureau of Prisons to input a placeholder debt amount for each Defendant in its electronic system. *Id.* at 3. Additionally, in the event that placeholder amount reaches or approaches $0, the United States requests an order directing the Bureau of Prisons to reset the debt amount to the previously assigned figure. *Id.* at 3–4.

Under the All Writs Act, this court "may issue all writs necessary or appropriate in aid of [its] respective jurisdictions and agreeable to the usages and principles of law." § 1651(a). This authorizes district courts to "issue such commands" necessary "to effectuate and prevent the frustration of orders it has previously issued[.]" *United States v. New York Tel. Com.*, 434 U.S. 159, 172 (1977).

Here, the court finds that Judge Howard's order of restitution and this court's clarification order have been frustrated by the Bureau of Prisons' internal policy. *See id.* Accordingly, to effectuate the restitution judgment, the court GRANTS the United States' motion [DE 420] and ORDERS as follows under the All Writs Act:[1]

1. For the purpose of processing any restitution payment or offset, the Bureau of Prisons SHALL input a placeholder total debt amount of $1,000,000.00 for each of the above-named Defendants into its electronic financial processing system. In the event the placeholder debt amount ever reaches $10,000.00, the Bureau of Prisons is authorized and directed to reset the placeholder debt amount to $1,000,000.00.

---

[1] Nothing in this order imposes a cap on the total amount of restitution to be paid or otherwise modifies the amount or terms of the restitution judgments issued in 1998.

2

2.      The United States is ORDERED to file a status report with the court within fourteen days of the issuance of this order, advising as to whether any further action is necessary to ensure that the appropriate funds are directed to the victim's children, in accordance with Judge Howard's restitution orders.

SO ORDERED this ___13th___ day of April, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3